# THE SENIAWSKI LAW FIRM PLLC

Barbara L. Seniawski, Principal
1460 Broadway, 4th FL
New York, NY 10036
barbara@seniawskilaw.com
212-595-4536

Via ECF and Overnight Delivery

Honorable Joseph F. Bianco
U.S. Dist. Ct. Eastern District of New York
100 Federal Plaza Central Islip, NY 11722
Tel: 631-712-5676

March 23, 2018

RE: *Casella v. Nelnet, Inc. and Trans Union LLC*, No. 18-cv-00311-JFB-AYS

Dear Judge Bianco:

    I write on behalf of Defendant Nelnet, Inc. ("Nelnet") to request a pre-motion conference at the Court's earliest convenience in connection with Nelnet's anticipated Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) in the above-referenced matter. As detailed below, Plaintiff James Casella ("Plaintiff" or "Casella") has failed to state a claim against Nelnet for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1). Plaintiff fails to allege that the credit reporting agency contacted Nelnet directly regarding the disputed delinquency. "Unless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under section 1681s-2(b)." *Kane v. Guar. Residential Lending, Inc.*, 2005 U.S. Dist. LEXIS 17052, at *12 (E.D.N.Y. May 9, 2005).

    Nelnet is a company that services student loans, including two student loan accounts that were held by Plaintiff. The other defendant in this action, Trans Union LLC ("TransUnion"), is a credit reporting agency. The FCRA "places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Redhead v. Winston & Winston, P.C.*, 2002 U.S. Dist. LEXIS 17780, at *8 (S.D.N.Y. Sept. 20, 2002); *see also* 15 U.S.C. § 1681 *et seq*. As a furnisher of information, Nelnet's obligations are codified at 15 U.S.C. § 1681s-2. After receiving notice of a dispute from a credit reporting agency, the furnisher of information is required to follow a number of enumerated steps.[1]

---

[1] 15 U.S.C. § 1681s-2(b) provides:
(b) Duties of furnishers of information upon notice of dispute.
   (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
      (A) conduct an investigation with respect to the disputed information;

1

Plaintiff fails to allege that Nelnet ever received notice of the dispute directly from TransUnion. It is well-established that the obligations under Section 1681s-2(b)(1) are only triggered if a furnisher of information receives notice from a credit reporting agency. Notice from a consumer is not sufficient. *See, e.g., Algende v. Bay Ridge Fed. Credit Union*, 2015 U.S. Dist. LEXIS 29260, at *7 (E.D.N.Y. Mar. 9, 2015) ("While alleging that he alerted Experian credit reporting agency of the inaccurate information reported by Defendant, Plaintiff does not allege that Experian informed Defendant of the dispute as is required to trigger Defendant's duties under the FCRA. Plaintiff, therefore, has failed to allege a violation under subsection (b)[.]"); *Campanella v. Solomon & Solomon, P.C.*, 2011 U.S. Dist. LEXIS 26825, at *11 (N.D.N.Y. Mar. 16, 2011) ("Although the complaint alleges that plaintiff contacted three credit reporting agencies to report a dispute, there is no allegation that defendant received notification of the disputed debt from a credit reporting agency. Thus, the complaint fails to state a plausible claim."); *Neblett v. Chase Bank*, 2010 U.S. Dist. LEXIS 101067, at *13 (S.D.N.Y. Sept. 27, 2010) (dismissing claim under Section 1681s-2(b) because the plaintiff had "not alleged that a credit reporting agency notified Chase Bank of a dispute over the reporting of [the plaintiff's] credit"). In *Breen v. Howard Lee Schiff, P.C.*, 2012 U.S. Dist. LEXIS 85340, at *15-17 (D. Conn. June 20, 2012), the court dismissed a claim under Section 1681s-2(b)(1) because the plaintiff failed to allege that TransUnion had notified the furnisher of information about the dispute. *See id.* at *16 ("Even construing Plaintiff's pro se complaint to raise the strongest argument it fails to state a claim that is plausible as Plaintiff does not allege that Discover received notification of the disputed information from Trans Union, Experian, or Equifax. Plaintiff has wholesale failed to allege facts which demonstrate that Discover's duty to investigate under Section 1681s-2(b) was triggered through receipt of a report from the credit reporting agency itself.").

Plaintiff alleges in numerous places that he contacted Nelnet directly (*see, e.g.*, Complaint ¶¶ 3, 5, 22, 33) and that he contacted TransUnion directly (*see, e.g.*, Complaint ¶¶ 5, 26, 33). But he does not specifically allege that TransUnion ever contacted Nelnet. Accordingly, Plaintiff has

---

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
 (i) modify that item of information;
 (ii) delete that item of information; or
 (iii) permanently block the reporting of that item of information.

failed to allege the specific predicate fact necessary to trigger obligations under Section 1681s-2(b)(1).

The closest Plaintiff comes to alleging the necessary fact is a list of conclusory allegations regarding the statutory requirements. Plaintiff alleges that Nelnet violated the FCRA by "failing to review all relevant information provided by CRA Defendant TransUnion." (Complaint, ¶ 49.) He does not, however, allege that TransUnion actually provided any information to Nelnet. A fair reading of that allegation encompasses the possibility that TransUnion provided no information to Nelnet, especially since Plaintiff does not allege elsewhere that TransUnion contacted Nelnet directly.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, citations, and brackets omitted). Plaintiff failed to allege the necessary factual matter, apart from recitations of statutory elements. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Both the FCRA statute and the applicable case law make clear that obligations under Section 1681s-2(b)(1) are only triggered once it receives notice *from TransUnion*, and that notice from Plaintiff himself is insufficient. Plaintiff failed to allege this necessary fact. Without this necessary predicate, Plaintiff's claim against Nelnet for violation of Section 1681s-2(b)(1) must be dismissed.

        Respectfully submitted,

        Barbara L. Seniawski

3